UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANTHONY MEDINA,

                              Plaintiff,

v.                                                                 9:05-CV-1460
                                                                               (DNH/GHL)
J. HUNT; W. SPRAGUE; JOHN
MICHAEL; RAYMOND BOYEA,

                              Defendants.
_____

## **ORDER**

       Currently before the Court is Plaintiff's motion for consideration of the Court's Order of June 21, 2007, partially denying his request to extend the discovery deadlines in this action. (Dkt. No. 34.) Specifically, Plaintiff requests that the Court reconsider its Order to the extent that it denied Plaintiff an extension of time in which to obtain discovery from Defendants Hunt, Sprague and Michaels. (*Id*. at 1.) For the reasons stated below, Plaintiff's motion is denied.

       Generally, a court may justifiably reconsider its previous ruling if (1) there is an intervening change in the controlling law, (2) new evidence not previously available comes to light, or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y.1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 [2d Cir.], *cert. denied*, 464 U.S. 864 [1983]).

       Here, Plaintiff does not assert that there has been an intervening change in controlling law. Nor does Plaintiff (through his motion for reconsideration) present the Court with any evidence, much less any evidence that was not available at the time he made his underlying motion on June 11, 2007. (*Compare* Dkt. No. 31 [Plf.'s underlying motion for extension of

discovery deadlines, filed 6/11/07, asserting, through sworn letter, that discovery delays were not his fault but Defendants' fault, and asserting that the conditions of his solitary confinement and the prison library staff are hampering his ability to litigate this action] *with* Dkt. No. 34 [Plf.'s motion for reconsideration, filed 6/28/07, asserting, in unsworn letter, exact same two arguments].) Rather, Plaintiff implicitly asserts that the Court's previous ruling was either clearly erroneous or manifestly unjust in that (1) the discovery delays experienced by the parties in this action were not the fault of Plaintiff but the fault of Defendants through their failure to act in good faith, and (2) the conditions of Plaintiff's restrictive confinement, in conjunction with the "incompetent" prison library staff, are hampering his ability to litigate this action.

I am unpersuaded by Plaintiff's argument. Even if the factual assertions contained in his motion for reconsideration were sufficiently specific (which they are not),[1] and even if those factual assertions were sworn (which they are not),[2] the Court had, before the filing of the underlying motion at issue, granted Plaintiff *three* deadline extensions. (*See* Dkt. No. 7 [Order of 3/21/06 extending service deadline], Dkt. No. 18 [Order of 9/6/06 extending pretrial deadlines, including discovery deadline]; Dkt. No. 27 [Order of 5/10/07 extending pretrial deadlines,

---

[1] For example, I note that, although Plaintiff asserts that the "incompetent" prison library staff are hampering his ability to litigate this action, he does not assert that any of those library staff members are Defendants in this action, or were acting on behalf of Defendants in this action. Nor does he even assert who those staff members are, or when they allegedly interfered with his ability to litigate this action.

[2] I note also that Plaintiff's motion is unsupported by an affidavit, which is required under the Local Rules of Practice for this Court. *See* L.R. 7.1(a)(2). In addition, although Plaintiff's motion cites three legal decisions regarding his general right to legal materials while in prison, Plaintiff's motion is unsupported by a memorandum of law, also required under the Local Rules of Practice for this Court. *See* L.R. 7.1(a)(1).

including discovery deadline].)³ Finally, in his motion for reconsideration, Plaintiff acknowledges that the "circumstances" giving rise to his placing of blame on Defendants for the discovery delays in this action are set forth in a motion to compel. (Dkt. No. 34 at 2.) That motion to compel, filed on July 2, 2007, is currently pending before the Court. (Dkt. No. 33.) Should the Court grant that motion to compel, the Court will, if necessary, direct Defendants to provide the discovery of which Plaintiff complains he has been deprived in that motion.

      **ACCORDINGLY**, it is

      **ORDERED** that Plaintiff's motion for reconsideration of the Court's Order of June 21, 2007, partially denying his request to extend the discovery deadlines in this action (Dkt. No. 34) is **DENIED**.

Dated: August 7, 2007
       Syracuse, New York

                                                George H. Lowe
                                                United States Magistrate Judge

---

      ³     I note that, in addition, the Court partially granted the underlying motion at issue. (Dkt. No. 32 at 2 [Order of 6/21/07, granting Plf.'s motion to extent he requested an extension of two months time in which to conduct discovery of Def. Boyea].)