UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ANTHONY MEDINA,

                        Plaintiff,

                                                        9:05-CV-1460
       v.                                               (DNH)(GHL)

J. HUNT; W. SPRAGUE; JOHN MICHAEL; and
RAYMOND BOYEA,

                        Defendants.

APPEARANCES:                                OF COUNSEL:

ANTHONY MEDINA
99-A-2999
Wende Correctional Facility
P.O. Box 1187
Alden, New York 14004

HON. ANDREW M. CUOMO             JAIME IRENE ROTH, Esq.
Attorney General of the State of New York    Assistant Attorney General
The Capitol
Albany, New York 12224
Attorney for the Defendants

GEORGE H. LOWE, United States Magistrate Judge

**DECISION and ORDER**

       Presently before the Court is Plaintiff Anthony Medina's motion to compel discovery.

Dkt. No. 33. Defendants have responded in opposition to Plaintiff's motion. Dkt. No. 41-42.

Plaintiff has submitted a Reply. Dkt. No. 47.

       Plaintiff's motion to compel relates to Plaintiff's Interrogatories and First and Second

Requests for Production of Documents ("RFP"). Dkt. No. 33-2 at 12-27 (Exhibit 4) and Dkt. No.

42 at 1-5. Specifically, the motion relates only to the following discovery requests: (1)

Interrogatories 2, 4, 6, 7, 16, and 22; (2) requests 1, 2, and 6 of the First RFP; and (3) requests 2-

4 and 6-8 of the Second RFP. Dkt. No. 33 at 6-31. Accordingly, the Court will only address the adequacy of the responses to those requests.[1]

I.     **Interrogatories**

    **A. Interrogatories 2 and 4**

Plaintiff asked for the identity of all witnesses "who have knowledge of the facts relating to the use of force incident of December 5, 2003" and the name, address, and identifying information of "each person claimed to be a witness to, or has any knowledge of, any occurrence alleged in the complaint." Dkt. No. 33-2 at 13-14. In response to each interrogatory, Defendants responded that "John T. Hunt, Jr., William Sprague, Sergeant John Michael, John M. Rosati, Raymond Boyea, and Walter Whitman were witnesses to the incident." *Id*. Plaintiff objects to these responses as incomplete. Dkt. No. 33 at 9-14. Plaintiff argues that many more people have knowledge of or information regarding the December 5, 2003 incident including, but not limited to, officials with knowledge that other prisoners have been assaulted in the same location that Plaintiff was assaulted, "other prisoners or correction officers [who] observed a portion of the December 5, 2003 altercation," and "the person designated to clean [Plaintiff's] blood" which was on the floor and the walls. *Id*.

Defendants presumably have responded to these requests fully and to the best of their knowledge. However, if in fact they know of additional witnesses they of course should serve a supplemental response. Plaintiff's argument about "officials with knowledge that other prisoners

---

[1] After receiving Defendants' responses to his Interrogatories and First RFP, Plaintiff made good faith efforts to resolve disputes with respect to Interrogatories 4 and 16, as well as requests 1, 2, and 4-6 of his First RFP. *See* Dkt. No. 33-2 at 28-35 (Exhibit 5). Plaintiff also made good faith efforts to resolve discovery disputes with respect to the Second RFP. *See* Dkt. No. 47 at 18-21.

have been assaulted in the same location that Plaintiff was assaulted" is not relevant to these requests.

Plaintiff also asked for the addresses of any of the witnesses identified by the Defendants. Defendants refused to provide addresses because such "information is private and confidential." Dkt. No. 33-2 at 14. Plaintiff now clarifies that he does not seek the home addresses for the witnesses, but the business addresses. Dkt. No. 33 at 13. Defendants are directed to provide Plaintiff with the official titles and business addresses of John T. Hunt, Jr., William Sprague, Sergeant John Michael, John M. Rosati, Raymond Boyea, and Walter Whitman. Since the Defendants have otherwise substantially complied with Plaintiff's Interrogatories 2 and 4, Plaintiff's motion is denied in all other respects as to these interrogatories.

### B. Interrogatory 6

Plaintiff asks for the identity of "all persons by complete name and address ... who made a written or oral statement relating to the use of force incident of December 5, 2003." Dkt. No. 33-2 at 15. Defendants responded with eight names. *Id.* Plaintiff asserts that "[e]very individual who made a statement was not identified. The Superintendent of the prison made a statement, but his name is not agmonst [*sic*] those provided. With full disclosure, the Court will see that names are missing from the defendants' answer." Dkt. No. 33 at 15. In response, Defendants state:

> Plaintiff complains that the name of the Superintendent was not provided, and plaintiff believes he made a statement. To the extent this information is sought by plaintiff, the Superintendent's name is Gary Greene, and his address is Great Meadow C.F., Comstock, NY12821-0051. This information was not previously provided because plaintiff quoted the Superintendent in the Complaint, at ¶ 44, and defendants therefore did not reasonably interpret the question to include information that plaintiff already possessed.

Dkt. No. 41 at 4. Defendants are directed to provide Plaintiff with the official titles and business addresses of the parties identified in response to Interrogatory 6. Since the Defendants have otherwise substantially complied with Plaintiff's Interrogatory 6, Plaintiff's motion is denied in all other respects as to this interrogatory.

### C. Interrogatory 7

Plaintiff asked Defendants to identify "all documents, reports and records ... created and compiled relating to the December 5, 2003 incident." Dkt. No. 33-2 at 15. Plaintiff complains that Defendants' answer "makes no mention of the Use of Force Log Book," any documents "created and contained within the disciplinary record," or the Inspector General's files. Dkt. No. 33 at 16. Defendants state that they produced the Use of Force Log Book in response to Plaintiff's request for production, "so clearly the omission was not intended to obfuscate or resist discovery." Dkt. No. 41 at 4-5; *see also* Dkt. No. 33-2, Exhibit 4. Because the Court will discuss Plaintiff's access to his disciplinary records and the Inspector General's report separately in this Order (those items are part of Plaintiff's production requests), and Defendants have otherwise substantially complied with this Interrogatory, Plaintiff's motion is denied in this regard, save for what is ordered produced with respect to the production requests.

### D. Interrogatory 16

Plaintiff asks Defendants to identify "all statutes, ordinances, rules, policies, regulations, directives, manuals and memoranda which addresses the use of force and excessive use of [force] by a correctional employee towards an inmate." Dkt. No. 33-2 at 17. Defendants responded by citing two DOCS Directives addressing the use of force. *Id*. at 18. Plaintiff finds the response to be incomplete, apparently believing that there are other legal citations relevant to use of force by

4

correctional officers against inmates. Dkt. No. 33 at 18. Plaintiff seeks citations to statutes, regulations, directives, manuals, and memoranda. *Id*. at 17-18. Plaintiff's request is far-reaching and will not be granted. Defendants have adequately responded to Plaintiff's request with citations to documents within the Department of Corrections that might not be readily available to Plaintiff.[2] The Court will not direct the Defendants to search further. Plaintiff's motion is denied in this respect.

### E. Interrogatory 22

Plaintiff asks "[how] come Kathrine Muller's written complaint pursuant to Article 75 of the Civil Service Law, concerning the December 5, 2003 incident involving plaintiff, sent to DOCS central office was not filed?" Dkt. No. 33-2 at 19. Defendants responded as follows:

> After a diligent search of DOCS records, no such written complaint has been found. Records do reveal that Ms. Muller contacted DOCS via telephone on December 8, 2003, and that an investigation into her allegations was conducted by the DOCS Inspector General.

*Id*. The Court cannot direct a party to produce what it says is unavailable, particularly when Plaintiff offers no proof to show that it does exist. This aspect of Plaintiff's motion is denied.

## II.  First RFP

### A. Request 1

Plaintiff requests "[a]ll documents comprising the complete institutional and guidance/counseling file of plaintiff." Dkt. No. 33-2 at 24. Defendants object because the request is "overly broad, not relevant to the subject matter involved in the pending action, unduly burdensome, and that it is not reasonably calculated to lead to the discovery of admissible

---

[2] The Court does, however, address the issue of production of the DOCS Employees' Manual below.

evidence." *Id*. Plaintiff states that he needs to review the files because he has recently discovered that references to the December 5, 2003 incident, which were supposed to be expunged, were not. Plaintiff asserts that any references still in the files would therefore be relevant to Plaintiff's claims. Dkt. No. 33 at 22-23. In response to Plaintiff's motion, Defendants have submitted an affidavit from Valerie Grover, the Inmate Records Coordinator at Southport Correctional Facility. Dkt. No. 41 at 7-8. Grover states that the Plaintiff's institutional file is approximately 3-4" thick. *Id*. at 7. She further states that before an inmate may review his institutional file, it must be reviewed by her, or one of her staff, "and appropriate redactions must be made to prevent disclosure of sensitive information that it may contain. This is extremely time consuming where the file is as large as inmate Medina's." *Id*. at 8. Grover also states that she currently has "a wait list of approximately seven inmates who have requested this review, and whose files must be reviewed and appropriately redacted before [she] could begin this process for inmate Medina."[3] *Id*. Grover states that, while complying with plaintiff's request is "feasible," it is "highly burdensome." *Id*. at 7. Grover is "not in possession of [Plaintiff's] guidance file, which is maintained elsewhere in this facility." *Id.* As a compromise, Plaintiff suggests that Defendants allow Plaintiff to **inspect** both files, identify what documents he needs from the files, and obtain copies of the requested documents. Dkt. No. 33-2 at 33.

Given the problems associated with the production or inspection of these files, and the dubious relevance of the information sought, Plaintiff's motion is denied with respect to this Request.

---

[3] The inmates on the waiting list requested review of their files pursuant to the Freedom of Information Law. *Id*. at 8.

### B. Request 2

Plaintiff requests "[a]ll written statements, original or copies, identifiable as reports created and compiled relating to the December 5, 2003 incident alleged in the complaint, made by prison and civilian employees or the NYS Department of Correctional Services and prisoner witnesses." Dkt. No. 33-2 at 24-25.  Defendants object to production as overbroad. *Id*. at 25. Defendants also object to the request insofar as it applies to the DOCS Inspector General's file regarding the incident because the file is "privileged pursuant to New York Civil Rights Law § 50-a, and the disclosure of witness statements contained therein could compromise prison safety and security." *Id.*  Defendants did, however, produce to Plaintiff a copy of Plaintiff's grievance relating to the December 5, 2003 incident, as well as "the resulting investigation and response, and the use of force report pertaining to the incident." *Id*.  Plaintiff argues (1) that New York Civil Rights Law § 50-a does not govern federal discovery; (2) the Inspector General's file was "created as a result of the December 5th incident being administratively deemed excessive and by plaintiff's complaints;" (3) defendants bare assertions that disclosure of witness statements within the files will compromise safety and security is "without merit and self-serving;" and (4) defendants have not properly asserted their claim of privilege. Dkt. No. 33 at 24-29.

Defendants have made no showing that there are "specific harms likely to accrue from disclosure of specific materials." *King v. Conde*, 121 F.R.D. 180, 189 (E.D.N.Y. 1998) (Weinstein, D.J.).  *See also*, *Watson v. Scully,* Civ. No. 87-0571, 1998 WL 73390 (S.D.N.Y. July 1, 1988), *Thompson v. Keane*, Civ. No. 95-2442, 1996 WL 125659 (S.D.N.Y. Mar. 20, 1996), *Giles v. Coughlin*, Civ. No. 94-6385, 1998 WL 23223 (S.D.N.Y. Jan. 13, 1998).  Furthermore, "state laws of privilege do not govern discovery in federal cases" (*see Melendez v. Greiner*, No. 01

Civ. 7888, 2003 U.S. Dist. LEXIS 19084, at *5 (S.D.N.Y. 2003),

Defendants' objections are overruled at this time.  Defendants are directed to, within thirty days, either produce the DOCS Inspector General's report, or provide a specific and compelling reason for not doing so because of institutional safety and security concerns and/or issues of privilege.[4]  If Defendants choose this latter course, any contention that correctional facility security would be compromised by the requested disclosure must be supported by an affidavit from an appropriate DOCS official, setting forth specific facts supporting that claim, and copies of the documents should be submitted to the Court for *in camera* review.  Defendants should specifically indicate which parts of the report they believe are privileged and subject to redaction.  Plaintiff shall be copied on the cover letter to the Court so that he is aware that such a submission has been made, but he need not be provided copies of the enclosures.

**C.  Request 6**

Plaintiff requests a "true and complete copy of the NYS Department of Corrections Employees' Manual."  Dkt. No. 33-2 at 26.  Defendants object on the grounds of relevancy.  *Id.*  Plaintiff argues that information in the Manual concerning the use of physical force by correctional officers and retaliation against prisoners for exercising their constitutional rights is relevant to his action.  Dkt. No. 33 at 23-24.  In response to this motion, Defendants claim that their objection to production of the Manual was proper, since it "would **likely** contain information which, if released, would impair the security of correctional facilities."  Dkt. No. 41 at 5 (emphasis supplied).

---

[4] Defendants may redact personal information such as social security numbers, home addresses, and family information.

Defendants are directed to, within thirty days of the filing date of this Order, produce to Plaintiff those portions of the DOCS Employees' Manual pertaining to the use of force by correctional officers or retaliation against prisoners by correctional officers, or provide a specific and compelling reason for not doing so because of institutional safety and security concerns. If Defendants choose this latter course, any contention that correctional facility security would be compromised by the requested disclosure must be supported by an affidavit from an appropriate DOCS official, setting forth specific facts supporting that claim, and copies of the documents should be submitted to the Court for *in camera* review. Defendants should specifically indicate which parts of the Manual they believe are privileged. Plaintiff shall be copied on the cover letter to the Court so that he is aware that such a submission has been made, but he need not be provided copies of the enclosures.

### III.   Second RFP[5]

#### A. Request 2

Plaintiff asks for copies of the "actual photographs taken of the place of incidents, i.e. walls, floors, doorways." Dkt. No. 42 at 2. Defendants indicate that no such photographs exist. While Plaintiff argues that Defendants' Interrogatory responses indicated that such photographs did exist, that does not appear to be the case. The only reference to photographs in the Interrogatory responses is to "photographs taken of plaintiff's injuries." *See* Dkt. No. 33-2 at 17. This portion of Plaintiff's motion is denied.

---

[5] Plaintiff states that "[d]emands 1, 5, and 9 are no longer sought." Dkt. No. 47 at 7. Requests 3 and 4 relate to production of DOCS Inspector General's files and the DOCS Employee Manual. These requests have already been addressed in Sections II. B and C, *supra*.

### B. Request 6

Plaintiff seeks production of various DOCS directives. Dkt. No. 42 at 2. Defendants have produced some, but not all of the directives, alleging that the production of some **could** impair the security of the facility and the safety of correctional staff and inmates. *Id*. at 3. Since Defendants provide no information whatsoever as to how production of the remaining directives "could" impair security, the objection is overruled. Defendants are directed to, within thirty days of the filing date of this Order, produce copies of the remaining directives to Plaintiff or provide a specific and compelling reason for not doing so because of institutional safety and security concerns. If Defendants choose this latter course, any contention that correctional facility security would be compromised by the requested disclosure must be supported by an affidavit from an appropriate DOCS official, setting forth specific facts supporting that claim, and copies of the documents should be submitted to the Court for *in camera* review. Defendants should specifically indicate which parts of the Directives they believe are privileged. Plaintiff shall be copied on the cover letter to the Court so that he is aware that such a submission has been made, but he need not be provided copies of the enclosures.

### C. Requests 7 and 8

Plaintiff requested "the Master Index for all record documents maintained by the NYS Department of Corrections" as well as "the Master Index for all records and documents maintained at Great Meadow." Dkt. No. 42 at 4. While Defendants initially alleged that no such documents existed, *see id*., they later produced to plaintiff the Master Index of Great Meadow documents. Dkt. No. 59 at 1. After receiving further information from Plaintiff, Defendants now acknowledge that a Master Index of Central Office records does exist, and they will provide it to

Plaintiff upon payment of copying costs in the amount of $32.50.  Defendants are directed to provide a copy of the Master Index of Central Office records to Plaintiff upon his payment of the copying costs.

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's motion to compel (Dkt. No. 33) is **GRANTED** in part and **DENIED** in part, as set forth above.  Defendants must serve supplemental responses and produce required documents **within THIRTY (30) DAYS** of the filing date of this Order, and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order on the parties in accordance with the Local Rules.

Dated: February 11, 2008
       Syracuse, New York

George H. Lowe
United States Magistrate Judge