UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ANTHONY MEDINA,

                                    Plaintiff,

                                                   9:05-CV-1460
      v.                                             (DNH)(GHL)

J. HUNT; W. SPRAGUE; JOHN MICHAEL; and
RAYMOND BOYEA,

                                    Defendants.

APPEARANCES:                              OF COUNSEL:

ANTHONY MEDINA
99-A-2999
Wende Correctional Facility
P.O. Box 1187
Alden, New York 14004

HON. ANDREW M. CUOMO                   CHRISTOPHER W. HALL, Esq.
Attorney General of the State of New York    Assistant Attorney General
The Capitol
Albany, New York 12224
Attorney for the Defendants

GEORGE H. LOWE, United States Magistrate Judge

## DECISION and ORDER

**I.    Background**

       Plaintiff Anthony Medina previously filed a motion to compel discovery pursuant to Rule 37 of the Federal Rules of Civil Procedure. Dkt. No. 33. Plaintiff's motion to compel related to Plaintiff's Interrogatories and First and Second Requests for Production of Documents ("RFP").[1]

---

[1] Specifically, the motion related only to the following discovery requests: (1) Interrogatories 2, 4, 6, 7, 16, and 22; (2) requests 1, 2, and 6 of the First RFP; and (3) requests 2-4 and 6-8 of the Second RFP. Dkt. No. 33 at 6-31.

Dkt. No. 33-2 at 12-27 (Exhibit 4) and Dkt. No. 42 at 1-5. The motion to compel was granted in part and denied in part by Order of this Court filed on February 11, 2008. Dkt. No. 63. Currently before the Court for review are supplemental responses to Plaintiff's interrogatories and RFP's which Defendants have produced in compliance with the February 11, 2008 Order. In accordance with the February 11, 2008 Order, the supplemental responses were produced for *in camera* review and will not be electronically filed.

**II.     Discussion**

    **A. Interrogatories**

Defendants were directed to provide supplemental responses to interrogatories 2, 4 and 6. Dkt. No. 63 at 2-4. The Court has reviewed Defendants' supplemental responses to interrogatories 2, 4, and 6 and finds that Defendants have complied with the February 11, 2008 Order with respect to Plaintiff's interrogatories.

    **B. Requests for Production of Documents**

Defendants were also directed to produce supplemental documents in response to requests 2 and 6 of the First RFP and requests 6-8 of the Second RFP. *Id*. at 7-11. If, however, Defendants believed that production was improper for reasons of institutional safety and security, or privilege, Defendants were directed to provide a specific and compelling reason for not producing the supplemental documents. If Defendants chose this latter course, any contention that correctional facility security would be compromised, or privilege would be violated, by the requested disclosure was to be supported by an affidavit from an appropriate Department of Corrections ("DOCS") official, setting forth specific facts supporting the claim of security or privilege. Additionally, copies of the contested documents were to be submitted to the Court for

*in camera* review.  Defendants were to specifically indicate which parts of the supplemental documents they believed to be privileged and subject to redaction.  Defendants were directed to copy Plaintiff on the cover letter to the Court so that he would be aware that such a submission has been made, but Plaintiff need not be provided copies of the enclosures.

The Court has reviewed the *in camera* documents (not redacted) submitted by the Defendants, the redacted versions of the documents produced to Plaintiff, and the affidavits submitted by appropriate DOCS officials in support of the redactions.  The Court finds that the redactions made to the documents in the interests of security and/or privilege were appropriately made, and therefore Defendants have complied with the February 11, 2008 Order with respect to Plaintiff's Requests for Production of Documents.

**WHEREFORE**, it is hereby

**ORDERED**, that Defendants are in compliance with the February 11, 2008, Order, and they need not produce anything further to Plaintiff; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order on the parties in accordance with the Local Rules.

Dated: May 29, 2008
       Syracuse, New York

George H. Lowe
United States Magistrate Judge